**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.      19 cv 50164 |
| | ) | |
| AKMG, LLC and MELISSA HARJUNG | ) | |
| aka MELISSA NEUPERT | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, MATTHEW HARRISON, ("PLAINTIFF"), by and through

his attorneys, ANDREW SZOCKA, P.C., and for his Complaint against AKMG, LLC and

MELISSA HARJUNG aka MELISSA NEUPERT, states as follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL"), for failure to

pay minimum wage for all hours worked and failure to pay overtime for all hours worked in excess

of forty (40) hours in a workweek.  Plaintiff sues under the Illinois Wage payment and Collection

Act, 820 ILCS § 115/1 *et seq.* ("IWPCA") for failure to pay all wages when due n.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over Plaintiff's FLSA claims pursuant to 28

U.S.C. §1331.  Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.  This Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

**THE PARTIES**

3.      At all relevant times herein, Plaintiff, Matthew Harrison, resided in and was domiciled within this judicial district.

4.      At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

5.      At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

6.      During the course of his employment, Plaintiff worked in various jobs at the bar operated by Defendants performing the jobs of manager and bartender.

7.      At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8.      Defendants have had two or more employees, including Plaintiff, who performs the job of bartender, manager, operator and staffing.

9.      Defendant AKMG, LLC is a Limited Liability Company organized under the laws of the State of Illinois, with its principal place of business in Crystal Lake, Illinois. Defendant AKMG, LLC is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

10.      At all relevant times herein, Defendant AKMG, LLC was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*.

11.      Defendant Melissa Harjung aka Melissa Neupert ("Defendant Harjung") is the manager of Defendant AKMG, LLC (collectively "Defendants"), and was involved in the day to

day business operation of Defendant AKMG, LLC.   Defendant Harjung had the authority to hire and fire persons employed by Defendant AKMG, LLC, including the Plaintiff; the authority to direct and supervise the work of Defendant AKMG, LLC employees; the authority to sign on Defendant AKMG, LLC's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

12.     Defendant Harjung was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

13.     Plaintiff typically worked at least four days a week, working 11 hour shifts throughout the course of his employment with Defendants.

14.     Throughout the time of his employment the minimum wage in Illinois for employees in an occupation in which gratuities have customarily been recognized as part of the pay was $4.95 per hour.

15.     During Plaintiff's employment with Defendants, he was compensated on an hourly basis.

16.     During Plaintiff's employment with Defendants, he was compensated at a rate of $12.00 per hour plus tips when working as a bartender.

17.     Plaintiff is currently still employed by the Defendants.

18.     Plaintiff has not received compensation for the hours he has worked since approximately June 1, 2018.

19.     During Plaintiff's employment with Defendants, employees, including Plaintiff, recorded their hours worked via an electronic time-keeping system.

20.     During Plaintiff's employment with Defendants, employees, including Plaintiff, recorded their non-cash tips via an electronic time-keeping system.

21.     Upon information and belief, and during Plaintiff's employment with Defendants, Plaintiff's recorded hours of work via the electronic time-keeping system accurately reflected his hours worked.

22.     Plaintiff continuously requested that he be paid for the hours that he worked.

23.     Defendants did not compensate Plaintiff for the hours that he worked.

24.     Defendants collected cash tips for distribution among the employees at the end of each shift.

25.     Defendants did not distribute the tips collected to Plaintiff.

## COUNT I

### Violation of the Fair Labor Standards Act - Minimum Wages

26.     Plaintiff incorporates and re-alleges paragraphs 1 through 25 of this Complaint.

27.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 206(a)(1)(C), for their failure to pay Plaintiff the minimum wage for the first forty (40) hours worked per week.

28.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

29.     During Plaintiff's employment with Defendants, the workweek was Sunday through Saturday.

30.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did typically work more than forty (40) hours in individual work weeks.

31.     During the course of Plaintiff's employment, from June 1, 2018 forward, Plaintiff was not paid for the hours that he worked.

4

32.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of $4.95 per hour for all time worked up to and including forty (40) hours in individual work weeks. However, Plaintiff's rate of pay was $12.00 per hour for all time worked up to and including forty (40) hours in individual work weeks.

33.     During Plaintiff's employment with Defendants, they were to compensate him on a bi-weekly basis via paycheck.

34.     Defendants did not compensate Plaintiff at the rate of $4.95 per hour for the first forty (40) hours of work he performed in individual work weeks.

35.     Defendants' failure to pay Plaintiff at least the minimum rate of pay for all time worked under forty (40) hours per week violated the FLSA, 29 U.S.C. § 206(a)(1)(C).

36.     Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage.

37.     Defendants willfully violated the FLSA by refusing to pay Plaintiff, despite Plaintiff requesting payment, from June 1, 2018 through present.

38.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay the minimum wage as required under the FLSA was a willful violation of the FLSA, 29 U.S.C. § 206(a)(1)(C).

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of the difference between the pay Plaintiff was given and what he should have been paid as a minimum wage;

B.     Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D.     Such other relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Fair Labor Standards Act - Overtime Wages**

39.     Plaintiff incorporates and re-alleges paragraphs 1 through 25 of this Complaint as though fully set forth herein.

40.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq*., for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

41.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

42.     During the course of Plaintiff's employment with Defendants, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

43.     Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

44.     Defendants did not compensate Plaintiff at the rate of one and one half time the regular rate for all time worked in excess of forty (40) hours in individual work weeks.

45.     Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

46.     Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

6

47.     Defendants willfully violated the FLSA by refusing to pay Plaintiff overtime wages, despite Plaintiff requesting payment, from June 1, 2018 through present.

48.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D.     Such other relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law

49.     Plaintiff re-alleges and incorporates paragraphs 1-25.

50.     Count three arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay, throughout the course of Plaintiff's employment, the minimum hourly wage for an employee in an occupation in which gratuities have customarily been recognized as part of the pay of $4.95 per hour.

51.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

52.     During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

53. During the course of Plaintiff's employment, he was not paid after June 1, 2018 while working at least four days a week.

54. Defendants did not compensate Plaintiff at the rate of $4.95 per hour for the first forty (40) hours he worked in a work week.

55. Defendants' failure to pay Plaintiff the minimum wage violated the minimum wage provisions of the IMWL, 820 ILCS 105/4(c).

56. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other relief as this Court deems appropriate and just.

## COUNT IV

### Violation of the Illinois Minimum Wage Law-Overtime Wages

57. Plaintiff re-alleges and incorporates paragraphs 1-25.

58. Count four arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

59.     During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

60.     During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

61.     Pursuant to 820 ILCS 105/4a(1) Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

62.     Defendants did not compensate Plaintiff at the rate of one and one half time his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks from June 1, 2018 through present.

63.     Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks from June 1, 2018 through present violated the maximum hour provisions of the IMWL, 820 ILCS 105/4a(1).

64.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff, prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due as provided by the IMWL;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D.      Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Violation of the Illinois Wage Payment and Collection Act – Earned Wages**

65.     Plaintiff re-alleges and incorporates paragraphs 1-25.

66.     Count five arises from Defendants' failure to pay Plaintiff's earned wages when due in violation of the IWPCA, 820 ILCS 115/4.

67.     During the course of Plaintiff's employment by Defendants, the parties had an agreement that Defendants would compensate Plaintiff at agreed upon rates for all time worked.

68.     Defendants did not compensate Plaintiff at the rate agreed to by the Parties for all time worked.

69.     Defendant had an obligation to pay all wages within 13 days of the end of the pay period in which they were earned.

70.     Defendants' failure to pay all wages when due violated the IWPCA, 820 ILCS 115/4.

WHEREFORE, Plaintiff, prays for a judgment against Defendants as follows:

A.      A judgment in the amount of all back wages due as and amounts improperly deducted from wages, provided by the IWPCA;

B.      Penalties of 2% of the amount of any such underpayment for each month following the date of payment during which such underpayments remain unpaid;

C.       Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

D.      That the Court determines the rights of the parties and direct Defendants to account for all hours owed wages owed to Plaintiff.


Respectfully submitted,

MATTHEW HARRISON


By:    */s/ Andrew Szocka*
      Andrew Szocka
      Attorney for Matthew Harrison

ANDREW SZOCKA, P.C.
799 East Terra Cotta Avenue
Crystal Lake, IL 60014
(815) 455-8430
ARDC# 6230379
szocka@szocka.com